IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS ROBERT FERRETTI,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-3530 |
| | : | |
| **NORTHAMPTON COUNTY JAIL,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this  22nd  day of September, 2021, upon consideration of Plaintiff Thomas Robert Ferretti's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No. 6), and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1.  Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.  Thomas Robert Ferretti, # 0010562, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Northampton County Jail or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Ferretti's inmate account; or (b) the average monthly balance in Ferretti's inmate account for the six-month period immediately preceding the filing of this case. The Warden of Northampton County Jail or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Ferretti's inmate trust fund account exceeds $10.00, the Warden of Northampton County Jail or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Ferretti's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of Northampton County Jail.

4. The Complaint is **DEEMED** filed.

5. All claims contained in the Complaint that concern Ferretti's conditions of confinement at Northampton County Jail, including claims based on assault and deliberate indifference to a serious medical need, are **SEVERED** from this case pursuant to Federal Rule of Civil Procedure 21.  Ferretti may assert these claims in a new civil action against appropriate defendants who were personally involved in the alleged constitutional violations.

6. The Clerk of Court is **DIRECTED** to send Ferretti a blank copy of this Court's form complaint for use by prisoners seeking to assert claims under § 1983, and a blank copy of this Court's form application for use by prisoners seeking to proceed *in forma pauperis*.  Ferretti may use these forms to file his separate civil action.

7. The balance of the claims in the Complaint are **DISMISSED IN PART WITH PREJUDICE, DISMISSED IN PART WITHOUT PREJUDICE, OR STAYED** as follows:

    a. All claims against Defendants Northampton County Jail, the Northampton County Court of Common Pleas, the Northampton County Probation Department and Northampton Police, as well as the official capacity claim against Defendant Matt Cwynar are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

    b. The individual capacity claim against Defendant Matt Cwynar that is subject to the bar of *Heck v. Humphrey* is **DISMISSED WITHOUT PREJUDICE** and with no leave to amend for the reasons stated in the Court's Memorandum.  Ferretti may reassert this claim, to the extent it involves his probation revocation following

proceedings held on December 3, 2020, December 18, 2020, and January 15, 2021, if that revocation is ever reversed or otherwise declared invalid.

   c. The individual capacity claim against Defendant Matt Cwynar involving probation revocation proceedings held on August 4, 2021 that is subject to *Younger* abstention is **STAYED** until such time as all related proceeding in state court have been resolved.

   d. The claims against Defendant the Northampton County Drug & Alcohol, and the official and individual capacity claims against Defendant Alfonso are **DISMISSED WITHOUT PREJUDICE** and with leave to file an amended complaint.

  8. The Clerk of Court is **DIRECTED** to terminate Northampton County Jail, the Northampton County Court of Common Pleas, the Northampton County Probation Department and Northampton Police as Defendants.

  9. Ferretti may file an amended complaint within thirty (30) days of the date of this Order limited to the claims against the Northampton County Drug & Alcohol and the official and individual capacity claims against Alfonso, dismissed herein without prejudice. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Ferretti's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Ferretti should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Ferretti may **NOT** reassert a claim against a Defendant for whom his claims have already been dismissed with prejudice, or involving a claim the Court has found to be barred by *Heck v. Humphrey*, or a claim

as to which the Court has determined that *Younger* abstention is currently required. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

10. The Clerk of Court is **DIRECTED** to send Ferretti a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Ferretti may use this form to file his amended complaint if he chooses to do so.

11. If Ferretti does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

12. If Ferretti fails to file any response to this Order, the Court will conclude that Ferretti intends to stand on his Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.

inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

    **IT IS SO ORDERED**.

                      **BY THE COURT:**

                        /s/ John Milton Younge
                        **JUDGE JOHN MILTON YOUNGE**

---

*See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).